# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **THE HUNTINGTON NATIONAL BANK,** | ) |
| Plaintiff, | ) Civil Action No.: 1:16-CV-48 (Keeley) |
| v. | ) Electronically filed: 03/23/2016 |
| **HARD ROCK EXPLORATION, INC.**, **CARALINE ENERGY COMPANY**, **BLUE JACKET GATHERING, LLC**, **BLUE JACKET PARTNERSHIP** and **BROTHERS REALTY, LLC**, **DUANE YOST**, **JAMES L. STEPHENS, JR.**, **GREGORY LAUGHLIN AND MONICA R. FRANCISCO,** | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff The Huntington National Bank ("Lender" or "Plaintiff"), by and through its undersigned counsel, files this complaint against the above-captioned defendants ("Defendants"), and for its complaint, respectfully alleges as follows:

## INTRODUCTION

1. This is a commercial breach of contract action relating to a series of loans to the Defendants which are in default.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different states.

3. Plaintiff is a national bank with its corporate headquarters located in Columbus, Ohio. For purposes of diversity jurisdiction, the Plaintiff's citizenship is Ohio. Specifically, the

citizenship of a national bank is determined by its headquarters. As explained below in more detail, Defendants are citizens of either West Virginia or Pennsylvania.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Plaintiff is a national bank with a place for the transaction of business located at 201 High Street, Morgantown, West Virginia 26507.

## PARTIES

6. Defendant Hard Rock Exploration, Inc. is a West Virginia corporation with its principal place of business located at 1244 Martins Branch Road, Charleston, West Virginia 25360 ("Hard Rock").

7. Defendant Caraline Energy Company is a West Virginia corporation with its principal place of business located at 1244 Martins Branch Road, Charleston, West Virginia 25360 ("Caraline ").

8. Defendant Blue Jacket Gathering, LLC is a West Virginia limited liability company with its principal place of business located at 1244 Martins Branch Road, Charleston, West Virginia 25360 ("Gathering").

9. Defendant Brothers Realty LLC is a West Virginia limited liability company with its principal place of business located at 1244 Martins Branch Road, Charleston, West Virginia 25360 ("Brothers ").

10. Defendant Blue Jacket Partnership is a West Virginia partnership with Gathering and Brothers as general partners and its principal place of business is located at 1244 Martins Branch Road, Charleston, West Virginia 25360 ("Blue Jacket," together with Hard Rock, Caraline, Gathering and Brothers the "Borrower").

11. Defendant Duane Yost is an individual residing at 211 Steele Hill Road, Mt. Morris, Pennsylvania 15344 ("Mr. Yost").

12. Defendant James C. Stephens, Jr. is an individual residing at 51 Amber Way, Scott Depot, West Virginia 25560 ("Mr. Stephens").

13. Defendant Gregory Laughlin is an individual residing in Mt. Zion, West Virginia 25560 ("Mr. Laughlin").

14. Defendant Monica R. Francisco is an individual residing at 51 Amber Way, Scott Depot, West Virginia 25560 ("Ms. Francisco," together with Mr. Yost, Mr. Stephens and Mr. Laughlin the "Other Borrowers").

15. Defendants are indebted to Plaintiff under the following loan documents:

    (a) **"500,000 Loan"** (also referred to herein as "Obligation 174")

        (i) Revolving Line of Credit Promissory Note dated July 25, 2013 in the original principal amount of $500,000 executed by Borrower in favor of Lender (as amended, the "$500,000 Note"). A copy of the $500,000 Note is attached as **Exhibit A**.

        (ii) Business Loan Agreement dated July 25, 2013 executed by Borrower in favor of Lender in connection with the $500,000 Note (as amended the "$500,000 Loan Agreement"). A copy of the $500,000 Loan Agreement is attached as **Exhibit B**.

        (iii) Commercial Guaranty of Mr. Yost dated July 25, 2013 in connection with the $500,000 Note, a copy of which is attached as **Exhibit C**.

        (iv) Commercial Guaranty of Mr. Stephens dated July 25, 2013 in connection with the $500,000 Note, a copy of which is attached as **Exhibit D**.

        (v) Commercial Guaranty of Mr. Laughlin dated July 25, 2013 in connection with the $500,000 Note, a copy of which is attached as **Exhibit E**.

    (b) "**17,887,867 Loan**" (also referred to herein as "Obligation 158")

        (i) Promissory Note dated March 29, 2013 in the original principal amount of $17,887,867 executed by Borrower in favor of Lender (as amended, the "$17,887,867 Note"). A copy of the $17,887,867 Note is attached as **Exhibit F**.

(ii) Business Loan Agreement dated March 29, 2013 executed by Borrower in favor of Lender in connection with the $17,887,867 Note (as amended the "$17,887,867 Loan Agreement"). A copy of the $17,887,867 Loan Agreement is attached as **Exhibit G**.

(iii) Commercial Guaranty of Mr. Yost dated March 29, 2013 in connection with the $17,887,867 Note, a copy of which is attached as **Exhibit H**.

(iv) Commercial Guaranty of Mr. Stephens dated March 29, 2013 in connection with the $17,887,867 Note, a copy of which is attached as **Exhibit I**.

(v) Commercial Guaranty of Mr. Laughlin dated March 29, 2013 in connection with the $17,887,867 Note, a copy of which is attached as **Exhibit J**.

(c) **"6,250,000 Loan"** (also referred to herein as "Obligation 42")

(i) Non-Revolving Line of Credit Promissory Note dated July 26, 2010 in the original principal amount of $6,250,000 executed by the Other Borrowers in favor of Lender (as amended, the "$6,250,000 Note"). A copy of the $6,250,000 Note is attached as **Exhibit K**.

(ii) Non-Revolving Line of Credit Loan Agreement dated July 26, 2010 executed by the Other Borrowers in favor of Lender in connection with the $6,250,000 Note (as amended the "$6,250,000 Loan Agreement"). A copy of the $6,250,000 Loan Agreement is attached as **Exhibit L**.

(iii) Commercial Guaranty of Brothers dated July 26, 2010 in connection with the $6,250,000 Note, a copy of which is attached as **Exhibit M**.

(iv) Commercial Guaranty of Blue Jacket dated July 26, 2010 in connection with the $6,250,000 Note, a copy of which is attached as **Exhibit N**.

(v) Commercial Guaranty of Gathering dated July 26, 2010 in connection with the $6,250,000 Note, a copy of which is attached as **Exhibit O**.

(vi) Commercial Guaranty of Caraline dated July 26, 2010 in connection with the $6,250,000 Note, a copy of which is attached as **Exhibit P**.

      (vii)    Commercial Guaranty of Hard Rock dated July 26, 2010 in connection with the $6,250,000 Note, a copy of which is attached as **Exhibit Q**.

    (d)    "**5,000,000 Loan**" (also referred to herein as "Obligation 59")

      (i)    Revolving Line of Credit Promissory Note dated August 23, 2012 in the original principal amount of $5,000,000 executed by the Other Borrowers in favor of Lender (as amended, the "$5,000,000 Note"). A copy of the $5,000,000 Note is attached as **Exhibit R**.

      (ii)    Business Loan Agreement dated August 23, 2012 executed by the Other Borrowers in favor of Lender in connection with the $5,000,000 Note (as amended the "$5,000,000 Loan Agreement"). A copy of the $5,000,000 Loan Agreement is attached as **Exhibit S**.

    (e)    "**Credit Card Obligation**"

      (i)    Commercial Card Account Agreement executed by Hard Rock dated September 2, 2013 ("Credit Card Agreement"). A copy of the Credit Card Agreement is attached as **Exhibit T**.

16. The Credit Card Obligation, the $500,000 Loan, the $17,887,867 Loan, the $6,250,000 Loan and the $5,000,000 Loan, may be referred to hereinafter, collectively, as the "Loans".

17. In connection with certain of the Loans referenced above, the Defendants entered into certain swap transactions with the Plaintiff (the "SWAPS").

18. The documents enumerated above and any and all other mortgages, swap agreements, assignments, leases, guarantees, instruments, documents, contracts, letters of credit or agreements which evidence, secure or otherwise relate to the Defendant's obligations with respect to the Loans, all as modified by any prior amendments or modification agreements, are hereinafter referred to as the "Loan Documents".

19. Plaintiff, Borrower and Other Borrowers signed a Forbearance Agreement dated as of July 1, 2015, a copy of which is attached as **Exhibit U** (the "Forbearance Agreement").

20. Under the Forbearance Agreement, Defendants acknowledged that they were in default of their obligations under a number of provisions of the Loan Documents. (*See* Ex. U, pp. 3-4).

21. Additional defaults have taken place since the execution of the Forbearance Agreement. The defaults to date include, without limitation, the following:

    (a) failing to pay the $500,000 Note on its April 30, 2015 maturity date;

    (b) failing to achieve the required minimum fixed charge covenant ratio under all the Loan Agreements for the period ending December 31, 2014, failing to achieve the maximum required funded debt to EBITDA ratio under all the Loan Agreements for the period ending December 31, 2014 as required under the Loan Documents including without limitation:

        (i) violation of the financial covenants on pages 8 and 9 of the $500,000 Loan Agreement;

        (ii) violation of the financial covenants on page 6 of the $17,887,867 Loan Agreement;

        (iii) violation of the financial covenants on pages 6 and 7 of the $6,250,000 Loan Agreement;

    (c) Mr. Yost, Mr. Stephens, Mr. Laughlin and Ms. Francisco have failed to make any loan payments on Obligation 42 and Obligation 59 since November of 2015;

    (d) Hard Rock has failed to make any payments on Obligations 174 and 158 after January 1, 2016;

    (e) failing to repay the "Total Indebtedness" (as defined in the Forbearance Agreement) on or before December 31, 2015 as required under the Forbearance Agreement; and

    (f) cross-defaults under the cross-default provisions of the Loan Documents.

22. The defaults of the Defendants rendered all balances due under all the Loan Documents ("Total Indebtedness") due and payable in full.

23. The Total indebtedness under all the Loan Documents is now due and owing in full. As of March 14, 2016, the Total Indebtedness under the Loan Documents is as follows:

6

|  | **Obligation 158** | **Obligation 174** |
|---|---|---|
| Principal: | $13,536,350.31 | $477,800.00 |
| Interest as of 3/14/16: | $97,968.96 | $3,999.70 |
| Late Charge: | $21,162.60 | $104.56 |
| Total as of 3/14/16: | **$13,655,481.87** | **$481,904.26** |
| Daily accrual after 3/14/16: | $1,290.47 | $38.96 |

|  | **Obligation 42** | **Obligation 59** |
|---|---|---|
| Principal: | $6,249,999.44 | $3,048,771.91 |
| Interest as of 3/14/16: | $55,014.54 | $39,675.56 |
| Late Charge: | $3,616.50 | $75,209.51 |
| Total as of 3/14/16: | **$6,308,630.48** | **$3,163,656.98** |
| Daily Accrual after 3/14/16: | $423.35 | $290.97 |

| **Credit Card Obligation** | **$19,148.10** |
|---|---|

24. In addition, SWAPS relating to the Loan Documents were terminated and the termination charges due and owing total $839,606.02 and are broken down as follows:

| Trade Type | Trade Id | Customer | Trade Date | Start Date | Maturity Date | Orig. Notional | Current Notional | Termination Value |
|---|---|---|---|---|---|---|---|---|
| SWAP | 26292HU | HARDROCKETAL | 3/28/2013 | 4/3/2013 | 3/28/2016 | 16,987,867.02 | 11,873,256.07 | 32,246.52 |
| SWAP | 25834HU | YOSTDUANETAL | 8/21/2012 | 8/23/2012 | 8/24/2019 | 5,000,000.00 | 2,864,897.25 | 33,723.42 |
| SWAP | 23958HU | YOSTDUANETAL | 7/16/2010 | 7/30/2010 | 7/30/2020 | 1,250,000.00 | 6,250,000.00 | 773,636.08 |

839,606.02

25. In addition to the above, additional charges are due and owing including, without limitation, a $30,000 forbearance fee, in connection with the Forbearance Agreement, and the Plaintiff's attorneys' fees.

7

**WHEREFORE**, Plaintiff demands judgment under the loan documents against the Defendants for (i) the balance due and owing under the Loan Documents, together with all interest, fees, and recoverable costs recoverable thereunder, including legal fees, and (ii) such other and further relief as is just and proper.

Dated:  March 23, 2016                                  Respectfully submitted,

/s/Kathleen Jones Goldman
Kathleen Jones Goldman
WV Bar Id. No. 6917
BUCHANAN INGERSOLL & ROONEY LLP
One Oxford Centre, 20th floor
301 Grant Street
Pittsburgh, PA 15219
Telephone:  (412) 562-8800
Fax:  (412) 562-1041
E-mail: kathleen.goldman@bipc.com