IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                      Civil Action No. 1:16CV48
                                              (STAMP)

HARD ROCK EXPLORATION, INC.,
CARALINE ENERGY COMPANY,
BLUE JACKET GATHERING, LLC,
BLUE JACKET PARTNERSHIP,
BROTHERS REALTY, LLC,
DUANE YOST,
JAMES L. STEPHENS, JR.,
GREGORY LAUGHLIN and
MONICA R. FRANCISCO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANTS' INITIAL MOTION
TO DISMISS/STAY AS MOOT AND
DENYING DEFENDANTS' REMAINING
MOTIONS TO DISMISS/STAY**

I.   Background

This Court previously decided Hard Rock Exploration, et al. v. Huntington Bancshares Inc., et al., Civil Action No. 1:16CV46 ("the first action"), in which this Court remanded the first action to state court. While the first action remained pending before this Court, however, the defendant in the first action, The Huntington National Bank ("Huntington"), filed an action in this Court for breach of contract ("current action"). Defendants Hard Rock Exploration, Inc., Caraline Energy Company, Blue Jacket Gathering, LLC, Blue Jacket Partnership, and Brothers Realty (collectively,

"Hard Rock Entities") are business entities affiliated with defendant Hard Rock Exploration, Inc., which engages in oil and gas development.[1] Defendants James L. Stephens, Jr., Monica R. Francisco, Duane Yost, and Gregory Laughlin (collectively, "principals") are shareholders of defendant Hard Rock Exploration, Inc. The Hard Rock Entities borrowed money from the plaintiff in the current action, Huntington, so as to pursue oil and gas operations. Several years into the lending relationship, however, Huntington claims that the defendants have failed to satisfy their obligations. In particular, the following amounts allegedly remain outstanding: (1) a $ 500,000.00 loan (referred to as "Obligation 174"); (2) a $17,887,867.00 loan ("Obligation 158"); (3) a $6,250,000.00 loan ("Obligation 42"); (4) a $5,000,000.00 loan ("Obligation 59"); and (5) an unspecified credit card obligation ("credit card obligation"), which is allegedly worth $19,148.10. In addition, the parties engaged in a series of swap transactions and a forbearance agreement, which contain the following obligations: (1) termination charges for the swaps totaling $839,606.02 and (2) a $30,000.00 forbearance fee. The plaintiff seeks a judgment for the balance due under the obligations listed above, including legal fees.

---

[1]The Hard Rock Entities are all citizens of West Virginia. Defendants Stephens, Francisco, and Laughlin are citizens of West Virginia, and defendant Yost is a citizen of Pennsylvania. Huntington is a citizen of Ohio.

At issue now are the following motions: (1) the initial motion to dismiss/stay (ECF No. 15) of the defendants; (2) motion to dismiss/stay (ECF No. 21) by defendants Duane Yost ("Yost") and Gregory Laughlin ("Laughlin"); and (3) the supplemental motion to dismiss/stay (ECF No. 22) by defendants, with the exception of Yost and Laughlin.

A. Defendants' Initial Motion to Dismiss/Stay

At the time the defendants filed their initial motion to dismiss/stay, the first action remained pending before this Court. More specifically, Huntington filed the current action shortly after the first action was removed. The defendants in the current action then filed their initial motion to dismiss/stay. ECF No. 15.

In their initial motion to dismiss/stay, the defendants rely on the "first-to-file" rule. In particular, they argue the following: (1) the defendants filed the first action before the current action; (2) the first action and current action involve the same parties; and (3) the actions both relate to the enforceability of the same loans.

Before Huntington filed a response in opposition, this Court granted the motion to remand in the first action. Following that ruling, Huntington filed a response to the initial motion to dismiss. ECF No. 20. Huntington argues that because this Court remanded the first action, the first and current action are no

3

longer concurrently pending in federal court. Therefore, the first-to-file rule no longer applies, and thus, Huntington believes that the initial motion to dismiss/stay should be denied as moot.

Before the defendants filed a reply, they first filed a supplemental motion to dismiss/stay, which is discussed in the next section of this opinion. ECF No. 22. In their reply, the defendants point to the arguments found in the supplemental motion to dismiss/stay, particularly the abstention doctrine discussed therein. Therefore, the defendants point to the briefing of the supplemental motion to dismiss/stay as completing their argument in favor of the initial motion to dismiss/stay.

B. <u>Motion to Dismiss/Stay of Defendants Yost and Laughlin</u>

After Huntington filed a response in opposition to the initial motion to dismiss/stay, defendants Yost and Laughlin filed a separate motion to dismiss/stay. ECF No. 21. Defendants Yost and Laughlin argue that the abstention doctrine applies in this case, pursuant to <u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976). In particular, defendants Yost and Laughlin point out that parallel litigation in state and federal court exists, which involves the same parties and dispute. To avoid inconsistent rulings, they believe this Court should abstain from exercising jurisdiction.

Rather than file a specific response to defendants Yost and Laughlin's motion to dismiss, Huntington filed a general response

to defendants Yost and Laughlin's motion to dismiss, as well as the remaining defendants' supplemental motion to dismiss, which is discussed below.

C. <u>Supplemental Motion to Dismiss/Stay of Defendants, Excluding Yost and Laughlin</u>

The defendants, with the exception of Yost and Laughlin, filed a supplemental motion to dismiss/stay. ECF No. 22. Similar to motion of Yost and Laughlin, the remaining defendants contend that the abstention doctrine applies. Therefore, they request that this Court either dismiss or stay the current action.

Huntington filed a response, which addresses both Yost and Laughlin's motion to dismiss and the supplemental motion to dismiss. ECF No. 24. Huntington addresses the factors under <u>Colorado River</u>, and contends that none apply, or at least insufficiently apply so as to disfavor abstention. The defendants, with the exception of Yost and Laughlin, filed a reply. ECF No. 25. In that reply, they reassert their arguments that the abstention doctrine applies.

For the reasons set forth below, the initial motion to dismiss/stay (ECF No. 15) of the defendants is DENIED AS MOOT, and the motion to dismiss/stay (ECF No. 21) of the defendants Yost and Laughlin and the supplemental motion to dismiss/stay (ECF No. 22) of the defendants, with the exception of Yost and Laughlin, are both DENIED.

II. <u>Applicable Law</u>

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all well-pled facts contained in the complaint as true. <u>Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc</u>, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." <u>Id.</u> (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." <u>Wahi v. Charleston Area Med. Ctr., Inc.</u>, 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. <u>Id.</u> For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and

6

essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 556 U.S. at 678). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

A. First-to-File Rule No Longer Applies

In their initial motion to stay, the defendants argue that the "first-to-file" rule requires that this civil action be dismissed. The defendants, however, filed their initial motion to dismiss when the first action remained pending before this Court. Since then, this Court remanded the first action, and thus, only the current action remains before this Court. Therefore, the plaintiffs contend that the first-to-file rule no longer applies.

The first-to-file rule applies when "the same party or parties have filed similar litigation in separate federal fora." Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 665 (D. Md. 2011). The first-to-file rule may also apply where the parties file two actions in the same district court. See, e.g., Abrahams v. Hard Drive Productions, Inc., 2012 WL 1945493 (N.D. Cal. May 30, 2012); Intervet, Inc. v. Merial Ltd., 535 F. Supp. 2d 112 (D.D.C. 2008); SAS Inst., Inc. v. PracticingSmarter, Inc., 353 F. Supp. 2d 614 (M.D.N.C. 2005). Under the first-to-file rule, "the matter should proceed in the court where the action was first filed, and that the later-filed action should be stayed, transferred, or enjoined." Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003). District courts have discretion in determining whether the rule should apply. Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991). When making such a determination, a district court should consider the following three factors: (1) "the chronology of the filings"; (2) "the similarity of the parties involved"; and (3) "the similarity of the issues at stake." Blue Stuff, Inc., 265 F. Supp. 2d at 360.

In this case, the first-to-file rule no longer applies. After the defendants filed their initial motion to dismiss/stay, in which they seek dismissal based on the first-to-file rule, this Court remanded the first action to state court. That means that the first action and the current action are no longer pending in the

same or different "federal fora," and therefore, the first-to-file rule is inapplicable. Thus, the initial motion to dismiss/stay (ECF No. 15) of the defendants is DENIED AS MOOT.

B. <u>Abstention Doctrine Does Not Apply</u>

This Court will now turn to the remaining motions, which are the following: (1) the motion to dismiss/stay (ECF No. 21) of defendants Yost and Laughlin and (2) the supplemental motion to dismiss/stay (ECF No. 22) of the defendants, with the exception of defendants Yost and Laughlin. In both motions to dismiss/stay, the defendants argue that the abstention doctrine, pursuant to the holding in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976), applies to the current action. For the reasons set forth below, this Court finds that the <u>Colorado River</u> doctrine does not apply in the current action.

The Supreme Court of the United States has stated that "[t]he doctrine of abstention, under which a District Court may decline to exercise or postpone exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." <u>Colorado River</u>, 424 U.S. at 813. Phrased another way, the <u>Colorado River</u> doctrine is not a doctrine of abstention, which is based upon the principles of federalism and comity for state relations; rather, it is a doctrine resting upon considerations of judicial economy and "wise judicial administration." <u>Id.</u> at 813. For this reason, courts

9

should apply the Colorado River doctrine only in exceptional circumstances. Id. at 818.

The United States Court of Appeals for the Fourth Circuit has summarized the approach for applying the Colorado River doctrine:

> The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits. If parallel suits exist, then a district court must carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction. Although the prescribed analysis is not a hard-and-fast one in which application of a checklist dictates the outcome, six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties' rights. In the end, however, abstention should be the exception, not the rule, and it may be considered only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.

Chase Brexton Health Services, Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (internal quotations and citations omitted).

   1. Parallel Proceedings

Pursuant to the Fourth Circuit's analysis in Chase Brexton, this Court must first determine whether the state and federal actions are sufficiently similar to constitute parallel proceedings. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New

<u>Beckley Mining Corp. v. International Union, United Mine Workers of America</u>, 946 F.2d 1072, 1073 (4th Cir. 1991). However, "suits need not be identical to be parallel, . . . and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." <u>AAR Int'l, Inc. v. Nimelias Enter. S.A.</u>, 250 F.3d 510, 518 (7th Cir. 2001) (internal citations omitted). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case." <u>Id.</u>

This Court finds that the first action and the current action are not parallel proceedings. It is true that the current action, which is proceeding before this Court, and the first action, which is proceeding before the state court, involve somewhat similar issues and almost identical parties. A substantial likelihood does not exist, however, that the resolution of the claims in the first action will dispose of the claims in the current action before this Court. In particular, the current action asserts a claim for breach of contract regarding several loans, and for relief, seeks the amounts due under those loans. The first action, however, is essentially a lender liability action and asserts the following claims: (1) fraud and deceit; (2) interference with prospective business advantage; (3) breach of implied covenant of good faith and fair dealing; (4) breach of contract; (5) economic duress; (6)

11

breach of fiduciary duty; (7) demand for injunctive relief; and (8) accounting.  Civil Action No. 1:16CV46, ECF No. 29.  Although both actions generally share common parties and, to some extent, similar matters, the first action and current action are not substantially similar.  Resolving the claims in the first action would not dispose of the claims in the current action before this Court.  Thus, this Court finds that the first action and current action do not constitute parallel proceedings.  Failing to satisfy this preliminary requisite means that application of the Colorado River doctrine would be improper.

    2.  Application of *Colorado River* Factors

Even assuming that the first action and current action are parallel proceedings, this Court nevertheless holds that the balance of factors disfavors abstention.  A decision declining to exercise jurisdiction over a federal action because of parallel litigation in state court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance **heavily weighted in favor** of the exercise of jurisdiction."  Gannett Co., Inc. v. Clark Constr. Group, Inc., 286 F.3d 737, 744 (4th Cir. 2002) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)) (emphasis added).  This Court will now turn to the factors set forth in Chase Brexton, 411 F.3d at 463-64.

a. <u>Assumption of Jurisdiction Over the Property</u>

The plaintiff contends, and the defendants do not appear to dispute, that no property rights are at issue in this case. Because no property rights are at issue, that means that "this factor weighs against abstention." <u>Gannett Co., Inc.</u>, 286 F.3d at 747.

b. <u>Convenience of the Federal Forum</u>

In their motions, the defendants point out that they do not live near Wheeling, West Virginia, which is where the current action is proceeding before the undersigned judge. Because of that, the defendants assert that they will expend significantly more time and money to litigate the current action. That assertion, however, is slightly misguided for four reasons. First, while there has been a transfer of this case to the undersigned judge, who is based in Wheeling, the civil action remains a case pending at the Clarksburg point of holding court. Second, this Court is well aware of the distance that counsel for all parties may travel. In recognition of that fact, this Court has permitted counsel to appear by telephone at all the hearings in the first action, and there is no reason why that cannot be done in the current action. Third, as noted, the current action was originally filed in Clarksburg, West Virginia, before being transferred to the undersigned judge in Wheeling, West Virginia. The difference between the two locations as to travel time and geographic distance

13

is barely worth noting, let alone using such differences as a justification that the undersigned judge's location is inconvenient. Finally, aside from the pretrial conference, which will probably be scheduled in Wheeling to allow for other hearings before the undersigned judge in Wheeling on that date, the trial in the current action will be scheduled to occur in Clarksburg, West Virginia. For those reasons, this Court finds that the convenience factor weighs against the application of the Colorado River doctrine in this case.

      c.  Avoidance of Piecemeal Litigation

The third factor to consider is whether federal jurisdiction creates the danger of piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Gannett Co., Inc., 286 F.3d at 744. However, the potential for conflicting outcomes, without more, is insufficient to warrant staying the exercise of federal jurisdiction. Chase Brexton, 411 F.3d at 457 (quoting Colorado River, 424 U.S. at 816). Rather, the exercise of jurisdiction "must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums." Gannett, 286 F.3d at 744. The critical inquiry in avoiding piecemeal litigation is not whether there is formal symmetry between the two actions, but

whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." <u>American Reliable Ins. Co. v. Stillwell</u>, 212 F. Supp. 2d 621, 630 (N.D. W. Va. 2002)

In this case, the first action in state court is unlikely to dispose of the claims in the current action before this Court. As identified earlier, the current action asserts only a breach of contract claim. The first action, however, asserts eight claims that essentially pertain to lender liability. Therefore, resolution of the first action is unlikely to resolve the claims in the current action. Thus, there is little to be gained in judicial economy by abstaining from exercising jurisdiction.

> d.  <u>Relevant Order of the Exercise of Jurisdiction</u>

The fourth factor to be considered under <u>Colorado River</u> is the order in which courts obtained jurisdiction and the progress achieved in each action. Relevant to this inquiry is not only the order in which the complaints were filed, but also how much progress has been made in the two actions. See <u>Moses H. Cone Mem'l. Hosp.</u>, 460 U.S. at 22. Further, as the United States District Court for the Southern District of West Virginia has observed, at least two policy considerations appear to underlie this fourth factor in the <u>Colorado River</u> analysis:

> First, the more that a state court lawsuit has progressed, the greater the state's own investment and involvement in the proceeding. As a matter of comity, the more the state has invested its time and resources

15

> into the proceedings, the less appropriate it is for a federal court to intervene and disrupt those proceedings. See Gannett, 286 F.3d at 748 (noting that abstention is based in part on principles of comity). Second, the longer that the party who now seeks federal court intervention has actively participated in the state court proceedings, the more that party has forfeited any right to a federal forum. See Vulcan [Chemical Technologies, Inc. v. Barker, 297 F.3d 332, 343 (4th Cir. 2002)] (finding abstention appropriate in part because the case "was gladly litigated by both parties in California," and that only after Vulcan had received a negative outcome did it seek to "bypass the procedure that [it] had elected to follow" by filing suit in federal court).

Eastern Associated Coal Corp. v. Skaggs, 272 F. Supp. 2d 595, 601 (S.D. W. Va. 2003).

Here, discovery in the current action does not appear to have started, as neither a first order and notice nor a scheduling order have been entered. Regarding the first action, a review of the state court docket shows that no scheduling order has been entered. The state court docket also shows that a motion to dismiss and a motion for a preliminary injunction remain pending. Moreover, both the first action and the current action were filed within two days of each other. The first action was filed on March 21, 2016, and the current action was filed on March 23, 2016. The point is that these cases are not proceeding on markedly different tracks, nor has one case advanced more significantly than the other. In light of this time line, this Court finds that the fourth factor weighs against abstention.

e. <u>Source of Applicable Law and Adequacy of State Court Proceedings</u>

These fifth and sixth factors require this Court to consider whether state law provides the rule of decision on the merits and the adequacy of state court proceedings. "[T]he Supreme Court has made clear that the presence of state law and the adequacy of state proceedings can be used only in 'rare circumstances' to justify <u>Colorado River</u> abstention." <u>Gannett Co., Inc.</u>, 286 F.3d at 746 (quoting <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 26). Indeed, "[t]hat state law is implicated . . . does not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court." <u>Id.</u> at 747 (internal quotations omitted). The Fourth Circuit has recognized that in diversity cases, "federal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction." <u>Id.</u>

Here, nothing in the record suggests that the federal forum is inadequate to protect the rights of the parties, or that the state forum is more adequate to protect such rights. The current action involves a breach of contract claim, which usually is a state law claim. This Court, however, is an adequate forum to resolve such a claim, as the claim presents no novel or complex issue. Accordingly, the mere presence of state law does not weigh in favor of declining to exercise jurisdiction.

17

Considered together, the Colorado River factors do not indicate the presence of exceptional circumstances which warrant abstention. Therefore, this Court believes that even if parallel proceedings did exist, a dismissal or a stay of this action is not the appropriate course. Thus, the motion to dismiss/stay (ECF No. 21) of defendants Yost and Laughlin and the supplemental motion to dismiss/stay (ECF No. 22) the other defendants, with the exception of Yost and Laughlin, are both DENIED.

## IV. Conclusion

For the reasons set forth above, the initial motion to dismiss/stay (ECF No. 15) of the defendants is DENIED AS MOOT, and the motion to dismiss/stay (ECF No. 21) of defendants Duane Yost and Gregory Laughlin and the supplemental motion to dismiss/stay (ECF No. 22) of the defendants (with the exception of Yost and Laughlin) are both DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   July 27, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE