IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 1:16-cv-00048 (Stamp) |
| vs. | ) ) | |
| HARD ROCK EXPLORATION, INC., CARALINE ENERGY COMPANY, BLUE JACKET GATHERING, LLC, BLUE JACKET PARTNERSHIP, BROTHERS REALTY, LLC, DUANE YOST, JAMES L. STEPHENS, JR., GREGORY LAUGHLIN and MONICA R. FRANCISCO, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, it is contemplated that, in the course of discovery or otherwise, The Huntington National Bank ("Plaintiff") and Hard Rock Exploration, Inc., Caraline Energy Company, Blue Jacket Gathering, LLC, Blue Jacket Partnership, Brothers Realty, LLC, James Stephens, Jr., Monica Francisco, Duane Yost, and Gregory Laughlin ("Defendants" and together with Plaintiff, the "Parties") may disclose to other parties, counsel, expert witnesses, or other persons participating or assisting in the above-captioned action (the "Litigation") documents, information or things that may contain confidential financial information, personal and medical information, proprietary information or trade secrets and/or other confidential information;

**WHEREAS**, the Parties desire to keep the aforementioned confidential documents, information or things confidential, and at the same time allow for appropriate discovery to take place in this Litigation;

**WHEREFORE**, the Parties, by their respective counsel, hereby agree and stipulate, that the following Stipulated Protective Order shall govern the handling, use and disclosure of certain documents and information defined below:

1.  This Stipulated Protective Order shall govern the designation and handling of all documents, deposition testimony, discovery responses, and other materials, oral or written, including all copies and excerpts thereof (collectively, the "Discovery Material") produced, exchanged, or provided by any Party (the "Producing Party") in response to any request for discovery.  The Discovery Material provided by the Producing Parties shall be handled strictly in accordance with this Stipulated Protective Order, and shall be used for purposes relating to this Litigation and not for any other purpose, including any commercial, business, or competitive purpose.

2.  This Stipulated Protective Order may also apply to Discovery Material provided by any third party at its discretion and direction.  A copy of this Stipulated Protective Order shall be enclosed as an exhibit to a subpoena or with any request for documents from a third party.  Third parties that produce documents pursuant to a subpoena or otherwise respond to discovery requests in the Litigation and who desire that any or all of the information provided be deemed confidential and protected under the terms of this Stipulated Protective Order shall follow the procedures set forth in Paragraph 3 below to protect the confidentiality of any Confidential Discovery Materials they so designate and produce.

3.  <u>Confidential Material</u>. The Producing Party may designate any Discovery Material, or any part thereof, as "Confidential" or "Confidential – Attorneys' Eyes Only" (the "Designated Material") where such Discovery Material contains or discloses information that the Producing Party in good faith considers to be, reflect, or reveal sensitive trade secret, or other confidential research, development, marketing, financial, technical, proprietary, personal or

commercially sensitive information the public disclosure of which may adversely affect the Producing Party, or any third party, or other confidential information entitled to protection under any applicable law, rule, or regulation. Any summary, compilation, note, excerpt, paraphrasing, copy, electronic image or database containing material and/or information designated as "Confidential" shall be subject to the terms of this Stipulated Protective Order to the same extent as the material or information for which such summary, compilation, notes, excerpt, paraphrasing, copy, electronic image, or database is made or derived.

    4.    *Disclosure of Designated Material*.  Except upon the prior written consent of the Producing Parties who designated such Discovery Material as Confidential, no Designated Material shall be delivered or otherwise made available to any person, entity, organization or otherwise, except as follows:

    a.    a Party or an officer, director or employee of a Party, including in-house counsel, to the extent it is necessary for that person to review the Designated Material in connection with this Litigation;

    b.    counsel for a Party, or a partner, associate, of counsel attorney, paralegal or other employee of such counsel or such counsel's law firm;

    c.    an expert or expert firm retained by a Party in connection with this Litigation, to the extent such person has a need to review the Designated Material for purposes of this Litigation;

    d.    a Party or non-Party witness, and counsel for such witness, in the course of the witness's testimony in a deposition or hearing conducted in connection with this Litigation, to the extent reasonably deemed necessary by counsel for a Party or the Producing Parties in order to examine such witness;

    e.  the Court in this Litigation and any Court personnel, including stenographic reporters and/or certified videotape operators engaged to take depositions, sworn statements and the like in connection with this Litigation.

  5.  If Designated Material is disclosed to or comes into the possession of any person other than in a manner authorized under this Stipulated Protective Order, the Party responsible for the disclosure shall immediately inform the Party or Parties that produced such Designated Material pursuant to the terms of this Stipulated Protective Order of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Designated Material.

  6.  <u>Certificate of Acknowledgement</u>.  Material Designated "Confidential" may not be disclosed to person(s) under section 4(a), 4(c) or 4(d) of this Stipulated Protective Order until the Party contemplating disclosure of Designated Material has provided a copy of this Stipulated Protective Order to such person receiving such Designated Material and causes each such person to execute a certificate in the form attached as **<u>Exhibit A</u>** hereto.

  7.  <u>Deposition Testimony</u>.  Information or testimony disclosed at a deposition may be designated as Confidential by the person providing such testimony, or his or her counsel, or by any Party, if such person, counsel, or Party either (i) identifies on the record at the deposition those portions of the testimony that are to be designated, or (ii) within fourteen (14) calendar days after the receipt of the final version of the deposition transcript, provides written notification to all Parties of those portions of the transcript that are to be designated.  At the request of the Producing Party, any person not permitted access to Designated Material under this Stipulated Protective Order, but for the court reporter and/or videographer, shall be excluded from any portion of any deposition at which such Designated Material is used.

8. <u>Filing Under Seal</u>.  A Party, or any non-Party in receipt of Designated Material, seeking to file with the Court any documents, pleadings, motions, and other papers, containing, identifying, or referencing Designated Material shall first file an application with the Court to file such pleading, motions and/or other papers under seal.  The Party shall file a redacted public copy of any such pleadings, motions, and/or other papers, redacting only the Designated Material.

9. <u>Request or Order to Produce Designated Material</u>.  In the event that a non-designating Party is requested or required by any person or entity (by law, government action, interrogatories, requests for information or documents, subpoena, or similar process) to provide or produce Designated Material, such Party shall, unless prohibited from doing so by applicable law, give the Producing Party and its counsel prompt written notice as soon as practicable under the circumstances of any such disclosure and, if reasonably practicable under the circumstances, before any Designated Material is produced so that the Producing Parties have an opportunity to object to production.

10. <u>Objection to Designation</u>.  If, in good faith, any non-designating party objects to the designation or treatment of any Material, such Party shall so state in writing to counsel for the Producing Parties.  The non-designating party and counsel for the Producing Parties shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of the Designated Material.  In the event that the Parties are unable to resolve any dispute concerning the treatment of the Designated Material, the non-designating party may file an application with the Court, under seal, challenging the designation of the Material.

11. <u>Use of Designated Material</u>.  Each Party acknowledges that it is aware that the use of Designated Material for any purpose inconsistent with the terms of this Stipulated Protective Order, and for any use outside of this Litigation, will violate this Stipulated Protective

Order.  Notwithstanding any provision contained herein, nothing in this Stipulated Protective Order shall restrict in any way the right of the Producing Parties to make use of their own Designated Material in any way they deem fit.  Notwithstanding the "Confidential" designation, nothing herein shall constitute a waiver of any Party's right to object to the disclosure of information or documents based on relevancy, prejudice or any other valid objection.  This Stipulated Protective Order shall not prejudice any Party from asserting an objection to disclosure and such objections shall be evaluated by the Parties and the Court as if this Stipulated Protective Order had never been issued so that the entry of this Stipulated Protective Order will be without prejudice to such objections.

12. <u>No Waiver</u>.  Neither this Stipulated Protective Order nor disclosure of any Designated Material by a Producing Party shall be deemed by implication or otherwise to vest in any party rights in or to such Designated Material other than the right to use such Designated Material solely in accordance with this stipulation.  This Stipulated Protective Order, disclosure of any Designated Material by a Producing Party, objection to or failure to object to the designation of such Discovery Material, shall not be deemed a waiver or admission regarding the confidentiality, proprietary or trade secret status of the Discovery Material.  It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privileged pursuant to this Stipulated Protective Order shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further excise thereof or the exercise of any right, power or privilege pursuant to this Stipulated Protective Order.  If at any time a Producing Party determines or realizes that certain or some portion(s) of Discovery Materials that it previously produced should be designated as "Confidential" or determines or realizes that certain or some portion(s) of the Discovery Materials should have been redacted or withheld on the basis of an applicable privilege, the Producing Party may apprise the Parties in

writing, and such designated testimony or portion(s) of Discovery Materials will thereafter be treated as Designated Materials or as withheld privileged Discovery Materials under the terms of this Stipulation, provided, however, that the Producing Party shall, at its cost, provide the parties who received such Designated Materials with substitute copies.  Entry into this Stipulated Protective Order and/or producing Designated Material pursuant hereto shall not prejudice in any way a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

13.     <u>Effectiveness</u>.  This Stipulated Protective Order shall be deemed effective as to each Party, its attorneys, agents, and representatives, upon execution by all Parties.  When effective, this Stipulated Protective Order applies to any Designated Material provided prior to its execution.  The Producing Party is not required to produce Designated Material to any Party who has not yet executed this Stipulated Protective Order and any failure by the Producing Party to produce any Materials under this provision shall not be in violation of the this Stipulated Protective Order, court order, or otherwise.

14.     <u>Survival of Proceedings</u>.  This Stipulated Protective Order shall remain binding after the conclusion of this litigation, at which time all Parties, or any non-Party in receipt of any Designated Material, shall return all Designated Materials to counsel for the Producing Parties.

15.     <u>Reservation of Rights</u>.   This Stipulated Protective Order shall be without prejudice to and does not impair the ability or rights of any Party to seek further limits on disclosure or protections for the confidentiality or privilege of any Designated Material in addition to the limits and protections provided herein.  Accordingly, the Parties also reserve the right to seek further modification of this Stipulated Protective Order.

16.     <u>Modification</u>.  This Stipulated Protective Order shall not be modified or deviated from except upon written agreement by counsel for the Parties, or by order of the Court.

17. <u>Choice of Law</u>.  This Stipulated Protective Order shall be governed and construed in accordance with the laws of the State of West Virginia.

18. <u>Counterparts</u>.  This Stipulated Protective Order may be executed in counterparts and shall constitute one agreement binding upon all Parties thereto as if all Parties signed the same document.  Facsimile or other electronic signatures shall be treated as originals for all purposes.

Entered this _____ day of _____, 201\_\_\_\_.

_____
Honorable Frederick P. Stamp, Jr.

Prepared by:

/s/Kathleen Jones Goldman
Christopher P. Schueller (W.Va. State Bar No. 11267)
Kathleen Jones Goldman (W.Va. State Bar No. 6917)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th floor
301 Grant Street
Pittsburgh, Pennsylvania  15219-1410
Telephone:  (412) 562-8800

Counsel for Plaintiff The Huntington National Bank


/s/Richard A. Getty
Richard A. Getty
Danielle H. Brown
Kristopher D. Collman
THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:  (859) 259-1909

8

/s/Michael D. Simms
Michael D. Simms (W.Va. State Bar No. 9945)
SIMMS LAW OFFICE
68 High Street
Morgantown, West Virginia 26505
Telephone:  (304) 296-7776
Facsimile:  (304) 296-7774
(Responsible Local Attorney)

Counsel for Defendants Hard Rock Exploration, Inc.,
Caraline Energy Company, Blue Jacket Gathering, LLC,
Blue Jacket Partnership and Brothers Realty, LLC


/s/J. Michael Benninger
J. Michael Benninger (W.Va. State Bar No. 312)
BENNINGER LAW, PLLC
154 Pleasant Street
Morgantown, West Virginia 26505
Telephone:  (304) 241-1856

Counsel for Defendant Duane Yost


/s/Shawn P. George
Shawn P. George (W.Va. State Bar No. 1370)
GEORGE & LORENSEN, PLLC
1526 Kanawha Blvd. East
Charleston, West Virginia 25301
Telephone:  (304) 343-5555

Counsel for Defendant Gregory Laughlin


/s/Marc R. Weintraub
Marc R. Weintraub
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, West Virginia   25301
Telephone:  (304) 345-6555

Counsel for Defendants James Stephens, Jr. and Monica Francisco

# EXHIBIT A

## ACKNOWLEDGMENT CONCERNING MATERIAL DESIGNATED AS "CONFIDENTIAL" UNDER THE STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that s/he has read the Stipulated Protective Order entered into in connection with the action entitled *The Huntington National Bank vs. Hard Rock Exploration, Inc., et al.*, and that s/he understands the terms thereof, that s/he agrees to be bound by such terms, that s/he agrees to be subject to the personal jurisdiction of this Court, or such other Court as may be appropriate, for the purpose of enforcing the Stipulated Protective Order.

_____
Print Name

_____
Signature

_____
Dated