IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                          Civil Action No. 1:16CV48
                                                    (STAMP)

HARD ROCK EXPLORATION, INC.,
CARALINE ENERGY COMPANY,
BLUE JACKET GATHERING, LLC,
BLUE JACKET PARTNERSHIP,
BROTHERS REALTY, LLC,
DUANE YOST,
JAMES L. STEPHENS, JR.,
GREGORY LAUGHLIN and
MONICA R. FRANCISCO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

I. <u>Background</u>

Defendants Hard Rock Exploration, Inc., Caraline Energy Company, Blue Jacket Gathering, LLC, Blue Jacket Partnership, and Brothers Realty (collectively, "Hard Rock Entities") are business entities affiliated with defendant Hard Rock Exploration, Inc., which engages in oil and gas development. Defendants James Stephens, Jr., Monica Francisco, Duane Yost, and Gregory Laughlin (collectively, "principals") are shareholders of defendant Hard Rock Exploration, Inc. The Hard Rock Entities borrowed money from the plaintiff, The Huntington National Bank, so as to pursue oil and gas operations. Several years into the lending relationship, however, the plaintiff claims that the defendants failed to satisfy

their obligations. The plaintiff filed this action for breach of contract.

The plaintiff's complaint alleges that the following amounts remain outstanding: (1) a $500,000.00 loan (referred to as "Obligation 174"); (2) a $17,887,867.00 loan ("Obligation 158"); (3) a $6,250,000.00 loan ("Obligation 42"); (4) a $5,000,000.00 loan ("Obligation 59"); and (5) an unspecified credit card obligation ("credit card obligation"), which is allegedly worth $19,148.10. In addition, the plaintiff alleges that the parties engaged in a series of swap transactions and a Forbearance Agreement, which contain the following obligations: (1) termination charges for the swaps totaling $839,606.02; and (2) a $30,000.00 forbearance fee. The plaintiff seeks a judgment for the balance due under the obligations listed above, including legal fees.

The defendants filed their answer and counterclaim. ECF No. 37. The counterclaim asserts claims for fraud and deceit (Count I), interference with prospective business advantage (Count II), breach of implied covenant of good faith and fair dealing (Count III), breach of contract (Count IV), economic duress (Count V), breach of fiduciary duty (Count VI), demand for injunctive relief (Count VII), demand for declaratory judgment (Count VIII), and demand for an accounting (Count IX).

The plaintiff then filed a motion to dismiss the defendants' counterclaims. ECF Nos. 40 and 41. The plaintiff argues that the

defendants' counterclaims are barred by the Forbearance Agreement, which the plaintiff alleges releases the plaintiff from all claims arising out of its lending relationship with the defendants. The plaintiff also argues that the defendants have failed to sufficiently allege their causes of action for each count of the counterclaim.

The defendants filed a response to the plaintiff's motion to dismiss the defendants' counterclaims. ECF No. 46. The defendants allege that the Forbearance Agreement is unenforceable and does not preclude the claims in the defendants' counterclaim. The defendants further assert that the counterclaim contains allegations that, taken as true and construed in the light most favorable to them, adequately support the claims stated therein.

The plaintiff did not file a reply to the defendants' response to the plaintiff's motion to dismiss the counterclaims.

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This

Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet,

591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555.

### III. <u>Discussion</u>

This Court has construed the counterclaims in the light most favorable to the defendants for the purposes of this motion to dismiss. Although the plaintiff argues that the Forbearance Agreement is enforceable and precludes all of the defendants' claims, the defendants have made factual allegations that could result in the Forbearance Agreement being judged void and unenforceable. West Virginia law states that "[w]here [a] plaintiff is forced into a transaction as a result of unlawful threats or wrongful, oppressive, or unconscionable conduct on the part of the defendant which leaves the plaintiff with no reasonable alternative but to acquiesce, the plaintiff may void the transaction and recover any economic loss." <u>Berardi v. Meadowbrook Mall Co.</u>, 572 S.E.2d 900, 905 (W. Va. 2002) (citing <u>Machinery Hauling, Inc. v. Steel of W. Va.</u>, 384 S.E.2d 139, 140 (W. Va. 1989)). The counterclaim alleges (1) fraudulent, wrongful, and oppressive conduct by the plaintiff, and (2) that such conduct "forced Counterclaim-Plaintiffs into transactions, including, but not limited to, the Forbearance Agreement, and left Counterclaim-

Plaintiffs with no reasonable alternative but to acquiesce." ECF No. 37 at ¶ 65.

It will require discovery to determine whether the Forbearance Agreement is enforceable, but, at the motion to dismiss stage, this Court must accept as true the defendants' allegations that the Forbearance Agreement is unenforceable. Thus, the motion to dismiss cannot be granted based on the plaintiff's argument that the Forbearance Agreement is enforceable and precludes the defendants' claims. Rather, the allegations relating to the enforceability of the Forbearance Agreement raised in the counterclaim are matters to be developed in discovery.

Given that the enforceability of the Forbearance Agreement cannot at this time be determined, the Court must look at only whether the defendants have adequately pled their claims such that there are plausible grounds for relief under West Virginia law. In Count I, the claim for fraud and deceit, the defendants allege that the plaintiff falsely promised to work with the defendants to provide them with a reasonable opportunity to resolve any issues with the loan ratio requirements and that the plaintiff and its agents "knew the statements were false at the time they were made." ECF No. 37 at ¶ 29. The plaintiff further alleges that the false statements "were designed to induce Borrowers to acquiesce to the Lending Platform Change and/or the Loans, which form the subject matter of [the] Counterclaim." Id. West Virginia law allows for

recovery for promissory fraud claims "[w]here it's shown that no intention to keep the promise existed at the time the promise was made." Bluestone Coal Corp. v. CNX Land Res., Inc., No. 1:07-00549, 2007 WL 6641647, at *5 (S.D. W. Va. Nov. 16, 2007). Thus, the defendants have adequately pled Count I.

Count II is the defendants' claim for interference with prospective business advantage. A claim for tortious interference with business advantage requires (1) the existence of a business relationship or expectancy; (2) an intentional act of interference by an outside party; (3) causation; and (4) damages. Garrison v. Herbert J. Thomas Mem'l Hosp. Ass'n, 438 S.E.2d 6, 13 (W. Va. 1993). The defendants allege that the plaintiff's conduct "wrongfully and maliciously interfered with the ability of the Counterclaim-Plaintiffs to move forward with other opportunities for financing the operations of their business" and that "as a direct and proximate result of [the plaintiff's] wrongful conduct described [in the Counterclaim], Counterclaim-Plaintiffs have suffered and are entitled to recover from [the plaintiff] compensatory damages." ECF No. 37 at ¶¶ 53-54. Thus, the defendants have adequately pled Count II.

Count VI is the defendants' claim for breach of fiduciary duty. "West Virginia does not recognize a fiduciary duty between a lender and a borrower unless a special relationship has been established." Wittenberg v. First Indep. Morg. Co., No. 3:10CV58,

7

2011 WL 1357483, at *18 (N.D. W. Va. Apr. 11, 2011). The defendants have alleged a special relationship. In the counterclaim, the defendants assert:

> At all times relevant hereto, [the plaintiff] and its agents owed a fiduciary duty to [the defendants] by virtue of the longstanding relationship established between [the plaintiff] and [the defendants] . . . . At all times relevant hereto, [the plaintiff] and its agents held themselves out as having the special skills and capabilities necessary to financing Hard Rock and the Hard Rock Entities' operations, and for providing adequate Life Insurance Policies necessary to protect such operations and the lives of the Insureds.

ECF No. 37 at ¶¶ 70-71. Thus, the defendants have alleged a special relationship, which is all that is necessary to survive a motion to dismiss on Count VI.

Counts III, IV, and V state claims for breach of the implied covenant of good faith and fair dealing, breach of contract, and economic duress, respectively. Each of these claims exist under West Virginia law. See Evans v. United Bank, Inc., 775 S.E.2d 500, 508 (W. Va. 2015) (recognizing that there is a claim in West Virginia for breach of the implied covenant of good faith and fair dealing so long as there is also a claim for breach of contract); White v. AAMG Constr. Lending Ctr., 700 S.E.2d 791, 798 (W. Va. 2010) (holding that, when a lender breaches a contract with a borrower and causes economic loss, the borrower's primary remedy is a breach of contract action); Machinery Hauling, 384 S.E.2d at 142 (recognizing the claim of economic duress).

8

The defendants have adequately pled these claims by alleging that the plaintiff breached a binding contract with the defendants providing them with a reasonable opportunity to cure any alleged deficiencies pertaining to the loan ratio requirements. ECF No. 37 at ¶¶ 61-62. The defendants allege that the plaintiff breached the implied covenant of good faith and fair dealing by omitting material facts, consistently failing to disclose material information, and intentionally refusing to take all action necessary to carry out the spirit and terms of the loans. Id. at ¶ 57. The defendants further allege the Machinery Hauling elements of economic duress by stating that the plaintiff's wrongful and fraudulent conduct "forced Counterclaim-Plaintiffs into transactions, including, but not limited to, the Forbearance Agreement, and left Counterclaim-Plaintiffs with no reasonable alternative but to acquiesce." Id. at ¶ 65.

Based upon the standard of review for motions to dismiss, this Court finds that the allegations presented in the counterclaims are sufficient to warrant denial of the motion to dismiss. More detailed factual allegations at this stage are not necessary. Thus, all counts of the counterclaim have been pled with sufficient specificity.

## IV. Conclusion

For the reasons set forth above, the plaintiff's motion to dismiss the counterclaims (ECF No. 40) is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 16, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE