IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                      Civil Action No. 1:16CV48
                                              (STAMP)

HARD ROCK EXPLORATION, INC.,
CARALINE ENERGY COMPANY,
BLUE JACKET GATHERING, LLC,
BLUE JACKET PARTNERSHIP,
BROTHERS REALTY, LLC,
DUANE YOST,
JAMES L. STEPHENS, JR.,
GREGORY LAUGHLIN and
MONICA R. FRANCISCO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
DENYING DEFENDANTS' MOTIONS TO EXTEND DISCOVERY AND
TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.    Background

On January 23, 2018, the parties, by counsel, appeared in this Court for a hearing on certain defendants' motions to extend discovery and the time to respond to the plaintiff's motion for summary judgment. The motions to extend discovery and the time to respond to the plaintiff's motion for summary judgment were filed by defendant Gregory Laughlin ("Laughlin") (ECF No. 130), defendants James Stephens, Jr. ("Stephens, Jr.") and Monica Francisco ("Francisco") (ECF No. 131), and defendant Duane Yost ("Yost") (ECF No. 132). Specifically, the motions represent that the movants require additional time to take the deposition of Mr.

Robert Redfield of Huntington Insurance, Inc.  Defendant Laughlin, joined by defendants Stephens, Jr., Francisco, and Yost, then filed a motion for an expedited emergency hearing on the motions to extend discovery and the time to respond to the plaintiff's motion for summary judgment.  The motion for an expedited emergency hearing represented that the hearing was required "to prevent irrevocable prejudice and harm from the Court's premature consideration of Plaintiff's dispositive motion when discovery is not complete and the Trustee and his counsel have not appeared or yet been able to protect the interests of the Debtor entities." ECF No. 133.

The Court granted the motion for an expedited emergency hearing on the defendants' motions and directed that counsel meet and confer prior to the hearing.  The Court also suspended the January 19, 2018 deadline for the defendants to file responses to the summary judgment motion until the Court ruled on the defendants' motions.  At the hearing, counsel reported to the Court that they did meet and confer prior to the hearing concerning the possible resolution of the defendants' motions.  This Court then heard oral argument on the defendants' motions.  For the following reasons, this Court denied the defendants' motions to extend discovery and the time to respond to the plaintiff's motion for summary judgment.

II. Applicable Law

Federal Rule of Civil Procedure 56 provides:

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).[1]

"If a party believes that more discovery is necessary for it to demonstrate a genuine issue of material fact, the proper course is to file a Rule 56(f) affidavit stating 'that it could not properly oppose a motion for summary judgment without a chance to conduct discovery.'" Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)). "We have warned litigants that we 'place great weight on the Rule 56(f) affidavit' and that '[a] reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit.'" Id.

---

[1] "The language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule." McCray v. Md. Dep't of Transp., Md. Transit Admin., 741 F.3d 480, 484 n.2 (4th Cir. 2014).

"Indeed, 'the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" Id. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." Id. (citing First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.C. Cir. 1988)).

### III. Discussion

At the hearing on the defendants' motions, this Court indicated to counsel that the motions must be addressed under Rule 56(d). However, the movants did not address Rule 56(d) in their motions to extend discovery and the time to respond to the plaintiff's motion for summary judgment. Additionally, no party has filed an affidavit or declaration stating that it cannot properly oppose the motion for summary judgment without a chance to conduct further discovery, as is required by Rule 56(d).

In Harrods, the United States Court of Appeals for the Fourth Circuit held that the district court's order granting summary judgment was premature because the plaintiff, Harrods UK, did not have an adequate opportunity for discovery. The Fourth Circuit found that, under the circumstances presented in that case, "it would be unfair to penalize Harrods UK for failing to file the formal affidavit called for by the rule." 302 F.3d at 246. Those

circumstances were that "almost no discovery" had been conducted and that "summary judgment isn't usually granted or even considered this early in the proceedings." Id. at 245. Specifically, the district court granted summary judgment on October 6, 2000, discovery was not due to be completed until December 29, 2000, the defendants did not even respond to the plaintiff's first set of interrogatories until November 2, 2000, and there was no evidence of depositions before December 2000. Id. "Thus, summary judgment was granted to the [defendants] when little or no discovery had been completed, and there is nothing to suggest that this was due to inactivity or delay on the part of Harrods UK." Id.

The Fourth Circuit also found that, even though Harrods UK failed to file a formal affidavit, it nonetheless "adequately fulfilled the purpose of Rule 56(f) by putting the district court on notice of the reasons why summary judgment was premature." Id. Specifically, "Harrods UK made it clear to the district court in the summary judgment proceedings that its case hinged on its ability to establish Harrods BA's bad faith, which is a fact-specific issue." Id. at 246. Furthermore, "Harrods UK repeatedly explained to the district court both in writing and orally that more discovery was needed and that it was too early to decide the motion for summary judgment." Id.

In a footnote, the Fourth Circuit emphasized the unique circumstances of the Harrods case as follows:

5

> Although the particular circumstances of this case mean that Harrods UK will not be penalized for failing to state its case for more discovery in an affidavit, we hasten to add that parties who ignore Rule 56(f)'s affidavit requirement do so at their peril. We reiterate that our court expects full compliance with Rule 56(f) and that the "failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." Evans, 80 F.3d at 961 (quotations omitted).

Id. at 246 n.19.

This Court finds that the narrow circumstances that warranted the lack of an affidavit or declaration in Harrods are not present in the instant case. In this case, discovery ended on December 1, 2017, and the plaintiff timely filed its motion for summary judgment on December 29, 2017. However, the movants did not represent to this Court that they required additional time to obtain the deposition of Mr. Redfield until January 17, 2018. At the hearing, the movants acknowledged that on August 25, 2017, counsel for defendant Laughlin filed a notice of deposition duces tecum of Mr. Redfield. Also at the hearing, counsel for the plaintiff stated that, soon after the notice was filed, she advised the movants that Mr. Redfield does not work for plaintiff Huntington Bank, but rather for Huntington Insurance, which is a separate entity and not a party to this litigation. Yet, the movants did not dispute at the hearing that they failed to pursue the deposition after counsel for defendant Laughlin filed the notice. Additionally, counsel for defendants Stephens, Jr. and Francisco stated that he already has some past testimony from Mr.

6

Redfield. Furthermore, it became clear during oral argument that the movants wanted to extend discovery for the purpose of taking other depositions in addition to that of Mr. Redfield.

"[T]o gain the benefit of Rule 56(d), the party opposing summary judgment must make a sufficient proffer: 'the proffer should be authoritative, it should be advanced in a timely manner, and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment.'" In re PHC, Inc. S'holder Litig., 762 F.3d 138, 143 (1st Cir. 2014) (quoting Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir. 1994)). The third requirement, the party's explanation, "should (i) 'show good cause for the failure to have discovered the facts sooner'; (ii) 'set forth a plausible basis for believing that specific facts . . . probably exist'; and (iii) 'indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion.'" Id. "Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: 'authoritativeness, timeliness, good cause, utility, and materiality.'" Id.

Here, the motions for an extension of discovery were not authoritative because they did not include an affidavit or declaration. The motions were not timely because the movants' responses to the plaintiff's motion for summary judgment were due on January 19, 2018, and the first motion to extend discovery was

7

filed on January 17, 2018.  As discussed above, the motions did not show good cause for the failure to have discovered the facts sooner because the movants did not dispute at the hearing that they failed to pursue the deposition of Mr. Redfield after counsel for defendant Laughlin filed the notice of deposition <u>duces tecum</u> on August 25, 2017.  Furthermore, the movants mentioned for the first time at the hearing that they wanted to take other depositions in addition to that of Mr. Redfield.

As to the utility requirement, there is not enough to show that any specific facts probably exist that would come to light as a result of any additional depositions.  As to the materiality requirement, there is also not enough to show that any emergent facts would influence the outcome of the pending summary judgment motion.  At the hearing, counsel for defendant Laughlin represented that the deposition of Mr. Redfield is necessary because it will show that Mr. Redfield made representations to defendant Laughlin and the other movants that the insured lives had specific interests in the relevant policies above and beyond their cash value, which was self-sustaining and self-funding.  However, counsel for the plaintiff suggested that Mr. Redfield's deposition would establish facts relating to collection and what the plaintiff can do to enforce its rights under the loan documents.  Counsel for the plaintiff then stated that such facts would not go to the issues

raised in its motion for summary judgment, which asks for judgment that the amounts at issue are due and owning.

In summary, no affidavit or declaration was filed in the instant case. Even so, this Court has considered the matter as if an affidavit or declaration was filed, and finds that the circumstances presented to this Court do not warrant an extension of discovery or of time to respond to the plaintiff's motion for summary judgment.

## IV. Conclusion

For the reasons set forth above, the defendants' motions to extend discovery and time to respond to the plaintiff's motion for summary judgment (ECF Nos. 130, 131, and 132) were DENIED. Accordingly, the Court DIRECTED the defendants to file their responses to the plaintiff's motion for summary judgment on or before **February 2, 2018**. The Court also DIRECTED the plaintiff to file any reply on or before **February 12, 2018**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: January 29, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE