IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THE HUNTINGTON NATIONAL BANK,

    Plaintiff,

v.                                             Civil Action No. 1:16CV48
                                                             (STAMP)

HARD ROCK EXPLORATION, INC.,
CARALINE ENERGY COMPANY,
BLUE JACKET GATHERING, LLC,
BLUE JACKET PARTNERSHIP,
BROTHERS REALTY, LLC,
DUANE YOST,
JAMES L. STEPHENS, JR.,
GREGORY LAUGHLIN and
MONICA R. FRANCISCO,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT YOST'S MOTION TO TRANSFER,
DENYING AS MOOT THE INDIVIDUAL DEFENDANTS'
MOTIONS FOR ABSTENTION,
DENYING AS MOOT HUNTINGTON'S MOTION
TO STRIKE NOTICE TO CHAPTER 11 TRUSTEE
AND GRANTING MOTIONS FOR JOINDER**

I.  Background

Defendants Hard Rock Exploration, Inc., Caraline Energy Company, Blue Jacket Gathering, LLC, Blue Jacket Partnership, and Brothers Realty (collectively, the "Hard Rock Entities") are business entities affiliated with defendant Hard Rock Exploration, Inc., which engages in oil and gas development.  Defendants James Stephens, Jr., Monica Francisco, Duane Yost, and Gregory Laughlin (collectively, "the individual defendants") are shareholders of defendant Hard Rock Exploration, Inc.  The Hard Rock Entities

borrowed money from the plaintiff, The Huntington National Bank ("Huntington"), so as to pursue oil and gas operations. Several years into the lending relationship, however, Huntington claims that the defendants have failed to satisfy their obligations. In particular, the following amounts allegedly remain outstanding: (1) a $500,000.00 loan; (2) a $17,887,867.00 loan; (3) a $6,250,000.00 loan; (4) a $5,000,000.00 loan; and (5) an unspecified credit card obligation, which is allegedly worth $19,148.10. In addition, the parties engaged in a series of swap transactions and a forbearance agreement, which contain the following obligations: (1) termination charges for the swaps totaling $839,606.02; and (2) a $30,000.00 forbearance fee. Huntington seeks a judgment for the balance due under the obligations listed above, including legal fees.

The defendants filed a counterclaim asserting claim for fraud and deceit (Count I), interference with prospective business advantage (Count II), breach of implied covenant of good faith and fair dealing (Count III), breach of contract (Count IV), economic duress (Count V), breach of fiduciary duty (Count VI), demand for injunctive relief (Count VII), demand for declaratory judgment (Count VIII), and demand for an accounting (Count IX). Huntington filed a motion to dismiss the counterclaims (ECF No. 40), and this Court entered a memorandum order and opinion denying Huntington's motion to dismiss the counterclaims (ECF No. 69).

On September 7, 2017, the Hard Rock Entities filed a notice of bankruptcy stating that they each had filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of West Virginia. ECF No. 87. The bankruptcy actions are proceeding before United States Bankruptcy Judge Frank W. Volk in the United States Bankruptcy Court for the Southern District of West Virginia. Accordingly, pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code, this Court stayed this case as to the Hard Rock Entities. ECF No. 91. Also pursuant to § 362(a), the proceedings were not stayed as to the individual, non-debtor defendants.

The state court civil action, which includes the same parties as this Court's case and was removed to the United States Bankruptcy Court for the Northern District of West Virginia on September 8, 2017 (Misc. No. 1:17-MP-00001), was transferred to the United States Bankruptcy Court for the Southern District of West Virginia (Misc. No. 2:17-MP-02001) on November 14, 2017. Accordingly, both that case and the bankruptcy case underlying this civil action are now before Judge Volk in the United States Bankruptcy Court for the Southern District of West Virginia.

Defendant Duane Yost ("Yost") has filed a motion for transfer of venue to the United States Bankruptcy Court for the Southern District of West Virginia. Thereafter, Huntington responded and defendant Yost replied. Thus, the motion is fully briefed and ripe

3

for review. For the reasons set forth below, defendant Yost's motion to transfer venue is granted. Accordingly, pending motions for abstention filed by the individual defendants are denied as moot.

## II. Applicable Law

There are two different transfer provisions that may be applicable to this civil action: 28 U.S.C. §§ 1404(a) and 1412.

### A. 28 U.S.C. § 1404(a)

A motion to transfer a case to another venue is generally subject to the provisions of 28 U.S.C. §§ 1404(a) and 1391(a). Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). This rule is intended to allow a court to transfer venue in order to "make trial of a case easy, expeditious and inexpensive." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947) (superceded by statute on other grounds).

Under § 1404(a), the decision to transfer venue is left to the sound discretion of the trial court. Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In making this determination, a court should consider:

> (1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility

4

> of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice.

In re Campbell Transp. Co., Inc., 368 F. Supp. 2d 553, 555-56 (N.D. W. Va. 2005) (citing Alpha Welding & Fabricating Co. v. Todd Heller, Inc., 837 F. Supp. 172, 175 (S.D. W. Va. 1993)). The movants typically bear the burden of demonstrating that transfer is proper. Versol B.V. v. Hunter Douglas, Inc., 806 F. Supp. 582, 592 (E.D. Va. 1992). The Supreme Court of the United States has further stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Gulf Oil, 330 U.S. at 508.

B.  28 U.S.C. § 1412

Whereas § 1404(a) is the default change-of-venue statute, § 1412 specifically deals with changes of venue in bankruptcy actions. Section 1412 provides as follows: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

C.  Choice Between 28 U.S.C. §§ 1404(a) and 1412

The United States District Court for the Southern District of West Virginia has "conclude[d] that section 1412 is the appropriate statute for venue transfer purposes in [a] related-to [bankruptcy] action." Dunlap v. Friedman's, Inc., 331 B.R. 674, 680 (S.D. W. Va. 2005). The Dunlap court observed as follows:

5

> [S]ection 1404 would, in perhaps a large number of [related-to bankruptcy] cases, thwart transfer. This is so because the related-to action might not have met, at the time of its filing, the jurisdictional or venue prerequisites making it capable of being "brought" in the home court where the bankruptcy case is pending, a requirement imposed by the text of section 1404. Such an outcome would dilute the well-settled presumption that "related to" proceedings should be litigated in the "home court[.]"

Id. at 678.

III. Discussion

A. Motion to Transfer

In his motion to transfer, defendant Yost represents that Huntington filed its proof of claims against the Hard Rock Entities on October 3, 2017, and that the proof of claims "track, mirror, and encompass the claims presented in the instant action." ECF No. 119 at 2. Thus, defendant Yost argues that the claims are "duplicative and unnecessary and allow for two active federal actions within this Court's jurisdiction to persist, all to the burden, expense, and detriment" of the non-debtor, individual defendants. Id. Further, defendant Yost contends that no proposed plan of reorganization or pending motion to convert to a Chapter 7 case can be fully considered unless the Bankruptcy Court has the instant action within its docket. Defendant Yost also represents that Huntington will not be prejudiced by transfer because it will still be able to fully litigate both actions in the Bankruptcy Court.

Huntington argues that the motion to transfer should be denied because the proof of claims filed by Huntington in the bankruptcy proceedings do not track the claims presented in the instant action. Specifically, Huntington contends that defendant Yost ignores that the proof of claims are asserted against the Hard Rock Entities, not the individual defendants. Thus, Huntington concludes that the motion to transfer should be denied because Huntington's claims against the individual defendants are not pending in any forum other than this Court.

Considering the motion to transfer under § 1412, this Court may grant the motion if doing so is in the interest of justice or for the convenience of the parties. In <u>Dunlap</u>, a consumer brought a class action lawsuit against a jeweler for its alleged fraudulent or deceptive practices in the United States District Court for the Southern District of West Virginia. 331 B.R. at 675-76. After the consumer filed the class action lawsuit, the jeweler filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Georgia, and the consumer then filed a motion to transfer the Southern District of West Virginia case to the United States Bankruptcy Court for the Southern District of Georgia. <u>Id.</u> at 675-76. The United States District Court for the Southern District of West Virginia granted the movants' motion to transfer to the United States Bankruptcy Court for the Southern District of Georgia upon finding that it would be in the interest of justice to

7

do so. Id. at 681-82. In that case, the Dunlap court did not consider the convenience of the parties prong given that the motion could be granted on the interests of justice prong. Id. at 682 n.3.

Under the interests of justice prong of § 1412, the Dunlap court noted that "[t]he factors applied by bankruptcy courts when deciding whether to transfer venue in matters . . . relating to a case under title 11 are often the same factors applied when deciding whether to transfer a bankruptcy case." Id. at 680 (citing 1 Howard J. Steinberg, Bankruptcy Litigation §§ 2:4, 2:6 (2005)). The Dunlap court describes those factors as follows:

> 1. The proximity of creditors of every kind to the court[;] 2. The proximity of the debtor to the court[;] 3. The proximity of the witnesses necessary to the administration of the estate[;] 4. The location of the assets[;] and 5. The economical and efficient administration of the estate.
>
> The most important of these factors is the fifth factor, the economic and efficient administration of the estate. This factor is an amalgamation of the four preceding factors.
>
> Other factors that have been applied are: 1. The presumption in favor of the home court; 2. The ability to receive a fair trial; 3. The state's interest in having local controversies decided within its borders, by those familiar with its law; 4. Enforceability of any judgment to be rendered; 5. Plaintiff's original choice of forum.

Id. The Dunlap court found that "two important considerations decidedly favor the movants' position:" (1) "the home court's presumptive suitability" and (2) "that transfer will facilitate the

economical and efficient administration of the estate." Id. at 681.

In another case, the United States District Court for the Southern District of West Virginia sua sponte transferred a related-to bankruptcy action to the Northern District of West Virginia after the plaintiff in the Southern District case reopened his Chapter 7 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of West Virginia. Miller v. Huntington Nat'l Bank, N.A., No. 2:12-CV-01255, 2012 WL 4463877 (S.D. W. Va. Sept. 26, 2012). The Miller court found that the sua sponte transfer was appropriate under the convenience prong of § 1412 because the Northern District was the "home court" of the reopened Chapter 7 bankruptcy proceedings and because the property at issue in the Southern District case was the plaintiff's main asset in his reopened bankruptcy. Id. at *3. The Miller court also found that the sua sponte transfer was appropriate under the interests of justice prong because there was no indication that either party would not receive a fair trial in the Northern District, "[t]he state of West Virginia's interest is equally satisfied by venue either in the Southern or Northern District of West Virginia," and [t]here is no indication the judgment would suffer any enforceability issue if transferred." Id.

In the instant case, this Court finds that the proximity factors do not weigh heavily either for or against transfer. The

civil action was filed in Clarksburg, West Virginia, and then reassigned to the undersigned judge in Wheeling. The United States District Court for the Southern District of West Virginia, which is located in Charleston, West Virginia, is only somewhat farther from Clarksburg than Wheeling. The factor of the state's interest in having local controversies decided within its borders also does not weigh for or against transfer because both potential forums are located in West Virginia. Furthermore, there is nothing to suggest that the parties would not receive a fair trial in the Southern District of West Virginia.

The enforceability of any judgment to be rendered factor weighs in favor of transfer to the Southern District of West Virginia because the related removed state court civil action and the bankruptcy action underlying this civil action are in that district and the rulings in those proceedings could affect a judgment in the instant action. Although Huntington's choice of forum was the Northern District of West Virginia, that factor weighs only slightly against transfer because Huntington is already litigating the related proceedings in the Southern District of West Virginia.

The two factors the Dunlap court found to be most important both weigh heavily in favor of transfer. First, the home court of the underlying bankruptcy action is in the Southern District of West Virginia, and, thus, that court is "presumptively suitable."

Second, because both the related removed state court civil action and the bankruptcy action underlying this civil action are pending before Judge Volk in the Southern District of West Virginia, transfer of this civil action to the Southern District of West Virginia will be more economical and efficient than continuing to litigate only this civil action in this Court.

Additionally, the parties in the instant case have represented that they already have to travel to Charleston because both the related removed state court civil action and the bankruptcy action underlying this civil action are pending before Judge Volk.  Thus, the convenience prong of § 1412 also weighs in favor of granting the motion to transfer.

Lastly, transfer is appropriate because this civil action is stayed as to the Hard Rock Entities (the debtors) but not as to the individual defendants (the non-debtors and guarantors).  At this time, there has been no motion in the bankruptcy court to lift the automatic stay as to the debtors.

B.   Motions for Abstention

Because this Court grants defendant Yost's motion to transfer, the individual defendants' motions for abstention must be denied as moot.  Additionally, even if the motions for abstention were not mooted by the transfer, they would still be mooted by the fact that the state court action has also been transferred to the United States Bankruptcy Court for the Southern District of West Virginia.

11

IV. Conclusion

For the above stated reasons, defendant Duane Yost's motion to transfer the case to the United States Bankruptcy Court for the Southern District of West Virginia (ECF No. 119) is GRANTED and the individual defendants' motions to abstain (ECF Nos. 96, 97, and 98) are DENIED AS MOOT. The Huntington National Bank's motion to strike defendant Duane Yost's notice regarding the Chapter 11 Trustee (ECF No. 135) is DENIED AS MOOT. Defendants Gregory Laughlin, James Stephens, Jr., and Monica Francisco's motions for joinder in defendant Duane Yost's reply to the individual defendants' motions to abstain (ECF Nos. 107 and 109) and in defendant Duane Yost's response to The Huntington National Bank's motion for summary judgment (ECF Nos. 142 and 143) are GRANTED.

Additionally, The Huntington National Bank's motion for summary judgment (ECF No. 121), which is fully briefed at this time, is transferred to and will then be pending before the United States Bankruptcy Court for the Southern District of West Virginia. Any other pending motions are also transferred to the United States Bankruptcy Court for the Southern District of West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the United States Bankruptcy Court for the Southern District of West Virginia.

DATED:      February 16, 2018

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE